OPINION
The present appeal emanates from the decision of the Jefferson County Common Pleas Court adjudicating James Moodie a sexual predator. For the reasons set forth below, the decision of the trial court is affirmed.
 FACTS
In November of 1974, James Moodie ("appellant") was convicted by a jury of one count of murder and one count of gross sexual imposition. These convictions arose from appellant's brutal attack upon his two and a half year old half-niece, Gina M. Higgs. Following the conviction, the trial court sentenced appellant to a term of incarceration of fifteen years to life as related to the murder and one to ten years on the gross sexual imposition conviction.
While still incarcerated on these offenses, appellant was evaluated by the Department of Rehabilitation and Correction in regards to the nature of his offenses. Subsequent to this review, the Department completed a sexual predator screening instrument which was forwarded to the Jefferson County Common Pleas Court. In the Department's opinion, the nature of appellant's offenses were of such a nature as to consider a sexual predator adjudication. Based upon these findings, a sexual predator determination hearing was held on October 20, 1999. During the course of this hearing, the prosecutor presented witness testimony as well as exhibits in support of the contention that appellant should be adjudicated a sexual predator. Appellant also took the stand on his own behalf and testified that he was not responsible for his niece's attack.
On October 25, 1999, after having reviewed the evidence, the trial court issued its decision which found that clear and convincing evidence was presented to support a sexual predator adjudication. The court would subsequently issue a November 4, 1999 nunc pro tunc entry correcting a clerical error as related to the date the sexual predator determination hearing was conducted. Appellant filed a timely notice of appeal. It should be noted that the state has failed to file a brief in response to appellant's assignment of error.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error reads as follows:
 "THE COURT ERRED BY FINDING BY CLEAR AND CONVINCING EVIDENCE THAT THE DEFENDANT WAS A SEXUAL PREDATOR BECAUSE THE RECORD WAS NOT AVAILABLE OF THE INITIAL PROCEEDINGS, THERE WERE NO WITNESSES AVAILABLE THAT WERE DIRECTLY INVOLVED WITH THE DEFENDANT AND THE CASE, AND WHEN TAKING INTO CONSIDERATION THE FACTORS OF 2950.09, THE COURT COULD NOT FIND THAT THE DEFENDANT WAS A PREDATOR."
Appellant alleges that the state failed to meet the clear and convincing standard of proof which would justify a sexual predator adjudication. Appellant takes issue with the fact that the record and transcript from the 1974 trial were not present for the court's review at the sexual predator determination hearing. He claims that any finding twenty-five years later that he is likely to reoffend is suspect. Appellant further alleges that medical evidence was not available and the state relied largely on newspaper articles which addressed the 1974 crime. Furthermore, appellant criticizes the veracity of the state's witness who never actually conducted an interview of appellant. Appellant concludes by relying upon those factors set forth in R.C. 2950.09 (B) (2) which are believed to support a finding that he is not likely to reoffend. For instance, appellant argues that he had no prior criminal record, there was only one victim and he has no history of mental illness or disability. Moreover, appellant contends that the trial court did not carefully consider the statutory factors as required.
 APPLICABLE LAW
Pursuant to R.C. 2950.09, a person who is convicted of or pleads guilty to a sexually oriented offense may be classified as a sexual predator in accordance with division (B) or (C) of said section. See State v. Berry (Dec. 13, 1999), Carroll App. No. 716, unreported. A sexual predator is defined pursuant to R.C.2950.01 (E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In order to properly adjudicate a defendant as a sexual predator, a trial court must follow certain statutorily prescribed procedures. R.C. 2950.09 (B) (1) and (C) (2) require that potential candidate for sexual predator adjudication be afforded notice, a hearing, and the opportunity to testify, present evidence, call witnesses and cross-examine opposing witnesses. The trial court is required to review the evidence presented to it and consider all relevant factors as related to the defendant's sexual predator status including but not limited to the following factors set forth in R.C. 2950.09 (B) (2):
"(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexual offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."
After a trial court has received the evidence and testimony at the hearing and has reviewed and considered the factors specified in R.C. 2950.09 (B) (2), it must determine whether it has been presented with clear and convincing evidence that the offender qualifies as a sexual predator. R.C. 2950.09 (C) (2). Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which would provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cincinnati Bar Assn. v. Massengale
(1991), 58 Ohio St.3d 121, 122.
"Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." In re Mental Illness of Thomas (1996),108 Ohio App.3d 697, 700, quoting State v. Schiebel (1990),55 Ohio St.3d 71, 74. In reviewing the record, an appellate court must avoid substituting its judgment for that of the trial court where there exists competent, credible evidence supporting the trial court's determination. Id.
 ANALYSIS
A review of the record in the case at bar reveals that the trial court did not err when it adjudicated appellant a sexual predator. Sufficient evidence was present before the trial court to support the adjudication and to preclude this court from substituting our judgment on appeal.
Prior to addressing the propriety of the trial court's decision, this court feels compelled to dispel some of the assertions made by appellant which are not supported by the record. First, while appellant is correct in asserting that the transcript from the 1974 trial was not before the court, the record itself is on file and was available for the trial court's review. Second, although appellant argues that the trial court was not presented with any medical evidence, the state did introduce Gina M. Higgs' death certificate in addition to the autopsy report which describes the injuries which were inflicted. Finally, appellant states in his brief that "[t]he State of Ohio relied only on newspaper articles which are not known for their factual knowledge." While the state originally expressed an interest in using newspaper articles to refresh the recollection of a state's witness, the trial court requested that an attempt first be made for the witness to testify from his own recollection. The witness ultimately was able to recall the events on his own. Thus, the prosecutor indicated on the record "at this time I guess I won't introduce the newspaper articles * * *." Therefore, appellant's interpretation of several key aspects of the trial court proceedings is misleading.
Similarly, although appellant asserts that the trial court did not carefully consider the statutory factors set forth in R.C.2950.09 (B) (2), a review of the trial court's judgment entry reveals that this statement is also unfounded. In its three page judgment entry, the trial court considered the statutory factors in determining that appellant should be adjudicated a sexual predator. The trial court began by noting that gross sexual imposition is a sexually oriented offense as defined by R.C.2950.01 (D). Moreover, since the murder was committed in conjunction with the gross sexual imposition offense, it too qualifies as a sexually oriented offense pursuant to statute.
It was then noted that appellant was 23 years old at the time the offenses were committed while the victim was only two and a half years old. See R.C. 2950.09 (B) (2) (a) and (c). The court next found that appellant displayed extreme cruelty to the victim during the offenses. See R.C. 2950.09 (B) (2) (i). Particularly, the trial court determined from the evidence submitted at the hearing that appellant had committed "extreme cruelty in its worst possible form." It had previously been determined that appellant pulled out the victim's hair, inflicted numerous bruises, inflicted numerous puncture wounds to the victim's chest, held the child under scalding water, beat the child with a belt and caused both anal and vaginal penetration.
These facts were supported by the testimony of Leo Lanaghan who was a member of the Steubenville Police Department in 1974 and took part in the investigation of these crimes. In fact, Mr. Lanaghan had personally observed the child's injuries when she was originally brought to St. John's Hospital in 1974. (Tr. at 8). These conclusions are further supported by the victim's death certificate and the autopsy report. According to the death certificate, the victim sustained intra-abdominal hemorrhaging; traumatic rupture of the liver, spleen and duodenum; basal skull fracture; and burns of the face. The autopsy report similarly noted the following: the appearance that hair had been pulled out of the child's head; extensive second degree burns over both cheeks and supra-orbital areas; diffuse large areas of brown and blue colored ecchymoses; multiple superficial wounds and avulsion wounds; hymenal tears with associated ante-mortem blood clots of the vagina; tears of the anal sphincter and rectal mucosa accompanied by contusions and ecchymoses of the buttocks; and rupture of the liver which had practically been torn completely through.
The court continued by noting that appellant was the half brother of the victim's mother and this relationship facilitated the offense. See R.C. 2950.09 (B) (2) (j). While appellant did not use drugs or alcohol to facilitate the offense, the trial court did not weigh this factor in appellant's favor as it stated that such were not needed as appellant was physically able to overpower the young child. See R.C. 2950.09 (B) (2) (e). Additionally, the court stated that even though appellant originally confessed to the crimes at issue, he now recants this testimony and blames others. See R.C. 2950.09 (B) (2) (j). It should be noted that the trial court did not merely focus on the factors which favored a finding that appellant should be adjudicated a sexual predator. On the contrary, the trial court did note that appellant had no prior criminal record. See R.C. 2950.09 (B) (2) (b). The court also noted that he was allegedly scheduled to attend a sexual offender program in prison. See R.C. 2950.09 (B) (2) (f).
In light of these considerations by the trial court, we cannot hold that there was an absence of competent, credible evidence supporting the court's ultimate decision. The trial court clearly considered the factors set forth in R.C. 2950.09 (B) (2) and determined that appellant was likely to engage in a future sexually oriented offense. The court based its conclusion on the testimony of a police officer involved in the investigation of the crimes as well as medical documentation introduced by the state. While it may have been advantageous to have the transcript from the original trial in order to gather further support for the decision, such is not a requirement for a sexual predator determination. As previously discussed, all that the state is required to do is to meet the burden of proof established by statute. Based upon the reasoning of the court as set forth in its judgment entry in conjunction with the testimony and evidence provided, we fail to see error.
This conclusion is further supported when considering the minuscule amount of evidence contrary to a sexual predator adjudication. While appellant asserts that this is a twenty-five year old conviction which should weigh against adjudication as a sexual predator, he should not be rewarded merely because he received an extended period of incarceration due to the heinous nature of his crimes.[1] Similarly, the trial court was free to determine what if any weight to give to the fact that appellant had no prior criminal record. Finally, while appellant argued at the hearing that his prior confession was coerced and he was in fact innocent of the crimes at issue, said statements are of little value. First, appellant did file an appeal from his conviction and, thus, any issues as to the validity of his confession should have been challenged therein. Additionally, appellant undermined the reliability of his testimony when questioned by his counsel. Appellant asserted that the child's mother was responsible for the victim's injuries and he played no part in the sexual contact or murder. When asked why the victim's mother would implicate appellant rather than accepting the blame, appellant responded "[w]ell I know if I'd a did it I wouldn't have claimed up to it." (Tr. at 30). This statement speaks volumes in regards to the veracity of appellant's pleas of innocence twenty-five years after his original confession and conviction.
For the foregoing reasons, this court concludes that the trial court properly considered the statutory factors in making its decision. The evidence and testimony introduced by the state is sufficient to meet its burden of proof. In accordance, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs, Waite, J., concurs.
 _________________________ JOSEPH J. VUKOVICH, JUDGE
[1] The present case is distinguishable from our prior decision in State v. Parker (Sept. 9, 1999), Mahoning App. No. 98-CA-93, unreported. In Parker, the trial court relied solely upon the defendant's 1974 gross sexual imposition conviction and 1975 rape conviction in determining that a sexual predator adjudication was appropriate. Beyond making note of the convictions, the trial court in Parker made no other findings as related to the factors set forth under R.C. 2950.09 (B) (2). Id. at 3-4. This barebones, conclusory finding by the trial court in Parker pales in comparison to the thorough analysis by the trial court in the case at bar.